

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

FEDERAL HABEAS CORPUS SECTION

May 19, 2020

By ECF

Honorable Paul E. Davison
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York  10601

> Petitioner's renewed request for discovery in this habeas corpus matter is DENIED WITHOUT PREJUDICE, substantially for the reasons articulated by respondent.  If, upon plenary review of the petition, the Court determine that discovery is warranted, the Court will revisit petitioner's request at that time.
>
> The Clerk shall close Dkt. # 35.
>
> SO ORDERED 3/18/21
>
> 

Re:   *Brims v. Collado,*
      18-cv-6973-KMK-PED9014-ALC

Dear Judge Davison:

    I represent the respondent in the above-referenced habeas corpus action. I respectfully request that this Court accept this letter response opposing petitioner's renewed request for discovery under Rule 6(a) of the Rules Governing 2254 Cases.

    Petitioner seeks to have this Court order the prosecuting attorney to answer interrogatories, and to conduct an evidentiary hearing on his habeas petition.  He asserts that he has good cause to support his request; namely, that the respondent asserted procedural bars to petitioner's habeas claim that he was deprived of counsel at critical stages of the proceedings.

    As we set forth in our opposition to petitioner's original discovery request, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) provides that petitioner must show good cause to support his request, and the "good cause" standard is satisfied only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Harris v. Nelson,* 394 U.S. 286, 299 (1969) (quotations omitted).

Page 2

      As we explained in our memorandum of law opposing the petition, although several of petitioner's habeas claims are procedurally barred, the Appellate Division summarily denied, on the merits, petitioner's deprivation of counsel claims, which he raised in his *pro se* appellate brief. Review of these claims is thus limited to the record that was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011); *see* 28 U.S.C. § 2254(d)(1). To the extent that any aspect of petitioner's claims are barred, the existence of these bars is not a circumstance amounting to good cause. Rather, where a valid bar has been asserted, a petitioner can only overcome it if he demonstrated cause for his default and resulting prejudice, or that application of the bar would result in a fundamental miscarriage of justice. The rule underlying the independent and adequate state bar doctrine is grounded in comity concerns. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). As the Court explained in that case, "[w]ithout the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws." *Id*. at 730-31.

      Petitioner is thus not entitled to more fully develop the record. Nor may he attempt to end run the procedural bar by conducting discovery. Consequently, we ask that this Court deny petitioner's request in all respects.

      Thank you.

                                                             Respectfully Submitted,

                                                            /s/
                                                           Lisa E. Fleischmann (LF-2907)
                                                           Assistant Attorney General
                                                           Lisa.Fleischmann@ag.ny.gov
                                                           (212) 416-8802

cc:      Edward Brims, 12-A-1648
           Shawangunk Correctional Facility
           200 Quick Road
           P.O. Box 750
           Wallkill, New York  12589
           (by regular mail)