UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD BRIMS,

                              Petitioner,

         v.

J. COLLADO, SUPT.,

                              Respondent.

No. 18-CV-6973 (KMK)(PED)

<u>ORDER</u>

KENNETH M. KARAS, United States District Judge:

Edward Brims ("Petitioner"), proceeding pro se, filed a Petition for a Writ of Habeas
Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, challenging his January 27, 2012
conviction in New York State Supreme Court, Rockland County. (*See* Pet. for Writ of Habeas
Corpus ("Pet.") (Dkt. No. 1.)  In a Report and Recommendation ("R&R") dated March 4, 2022,
Judge Davison  recommended that the Petition be denied in its entirety.  (*See* Report &
Recommendation 1 (Dkt. No. 48).)  Petitioner filed Objections to the R&R on March 29, 2022
and May 5, 2022.  (*See* Pet'r's Obj's to R&R ("First Obj's") (Dkt. No. 50); Pet'r's Obj's to R&R
(Second Obj's) ( Dkt. No. 52).)  After a review of the R&R and Petitioner's Objections, the
Court issued an Opinion & Order on October 11, 2022 adopting the result recommended in the
R&R and denying the Petition.  (See Op. & Order (Dkt. No. 58.)

On November 7, 2022, Petitioner filed a Letter, which the Court construes as a Motion
for Reconsideration.  (*See* Letter from Edward Brims to Court (October 28, 2022)
("Reconsideration Letter") (Dkt. No. 61.)  On the same day, the Court received a letter from
Petitioner requesting that the Court stay its decision on Petitioner's Motion for Reconsideration
while he pursued a § 440.10 motion based on a case recently handed down by the New York

Court of Appeals.  (*See* Letter from Edward Brims to Court ("Stay Letter") (October 24, 2022) (Dkt. No. 62.)[1]  For the reasons discussed below, Petitioner's request for a stay is denied.

## II.  Discussion

### A.  Request for Stay

The Supreme Court has held that where a petition for habeas corpus is "mixed" (i.e. it contains both exhausted and unexhausted claims), a district court may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.  Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005).  A district court may stay consideration of a mixed habeas petition when it finds a petitioner has shown "1) that he had 'good cause' for his failure to exhaust his claims first in state court; 2) that his claims are not 'plainly meritless'; and 3) that he has not engaged in 'intentionally dilatory litigation tactics.'" *Nieves v. Conway*, No. 09-CV-3710, 2011 WL 2837428, at *2 (E.D.N.Y. July 14, 2011) (quoting *Rhines*, 544 U.S. at 277–78).

Courts in this Circuit have found that to demonstrate good cause, a petitioner must show that "some factor external to [him] gave rise" to his failure to assert the claims in state court. *Williams v. Marshall*, No. 09-CV-7411, 2011 WL 1334849, *2 (S.D.N.Y. Mar.30, 2011) (citing *Whitley v. Ercole*, 509 F.Supp.2d 410, 417 (S.D.N.Y.2007)); *see also Reyes v. Morrisey*, No. 07-CV-2539, 2010 WL 2034531, *11 (S.D.N.Y. April 21, 2010); *Clendinen v. Unger*, No. 05-CV-7657, 2006 WL 2465176, *4 (S.D.N.Y. Aug.22, 2006).  For instance, good cause may be found if state proceedings are "delayed by the prosecution and other circumstances beyond

---

[1] According to the October 28, 2022 letter, Petitioner drafted and sent the letter requesting the stay first, but the two letters were docketed in reverse order. (*See* Reconsideration Letter at 2.)

[petitioner's] control," or unexhausted claims are based on "documented evidence discovered after [petitioner] brought his habeas petition." *Fernandez v. Artuz*, No. 00-CV-7601, 2006 WL 121943, *7 (S.D.N.Y. Jan.18, 2006). A petitioner's claim is plainly meritless when "it is perfectly clear that the petitioner has no hope of prevailing." *Linares v. People of State of N.Y.*, No. 04-CV-2973, 2008 WL 2115231, at *2 (S.D.N.Y. May 14, 2008).

As an initial matter, Petitioner's request is procedurally improper because his Petition is not mixed. Petitioner's Letter to the Court makes clear that he seeks to file an entirely new § 440.10 motion. (*See* Stay Letter 2 ("[P]etitioner ask[s] that his intended [M]otion for [R]econsideration be stayed pending resolution of [his] *forthcoming* 440.10 [m]otion.") (emphasis added)). *See also Milton v. Racette*, 91 F. Supp. 3d 454, 455 (W.D.N.Y. 2015) (noting that petitioner's stay request was improper because his petition did not include the state claims petitioner was seeking a stay to exhaust).

However, because the Court finds that Petitioner's request is "plainly meritless," the Court will deny his request on the merits. *See Rhines*, 544 U.S. at 277–78. In his letter to the Court, Petitioner states that he will be filing a 440.10 motion concerning "whether [P]etitioner's waiver of counsel extend[ed] to [his] second indictment" based on *People v. Baines*, 197 N.E.3d 1282 (N.Y. 2022). (Stay Letter 1.) However, this Court has already found that Petitioner's claim that his right to counsel was violated because he did not waive it for his second indictment is devoid of merit. (*See* Op. & Order 23–27.) As such, Petitioner's request for a stay is denied. *See Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 365 (E.D.N.Y. 2013) (denying stay because petitioner's claim was plainly meritless); *Tarafa v. Artus*, No. 10-CV-3870, 2013 WL 245786, at *2 (S.D.N.Y. Jan. 23, 2013) (same).

Because Petitioner's request for a stay has been denied, Petitioner must submit his Memorandum of Law in support of his Motion for Reconsideration no later than 20 days from the receipt of this Order.  No extensions will be granted.

The Clerk of the Court is respectfully directed to mail a copy of this order to Petitioner. SO ORDERED.

Dated:    December 14, 2022
            White Plains, New York

_____
        KENNETH M. KARAS
        United States District Judge

4