UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWARD BRIMS,

                    Petitioner,

    v.

J. COLLADO, SUPT.,

                    Respondent.

No. 18-CV-6973 (KMK)

OPINION & ORDER

---

Appearances

Edward Brims
Walkill, NY
*Pro Se Petitioner*

Priscilla Steward, Esq.
Assistant Attorney General
New York, NY
*Counsel for Respondent*

Lisa E. Fleischmann, Esq.
Kaufman Borgeest & Ryan LLP
Valhalla, NY
*Counsel for Respondent*

KENNETH M. KARAS, United States District Judge:

       Before the Court is Petitioner Edward Brims' ("Petitioner") Motion pursuant to Federal Rule of Civil Procedure 60(b)(4) to vacate this Court's judgment denying Petitioner's Habeas Petition (the "Motion"). (*See* Mot. to Vacate ("Mot.") (Dkt. No. 65).) For the following reasons, Petitioner's Motion is denied.

I.  Background

Petitioner, proceeding pro se, filed a Petition for a Writ of Habeas Corpus (the "Habeas Petition"), pursuant to 28 U.S.C. § 2254, challenging his January 27, 2012, conviction in New York State Supreme Court, Rockland County.  (*See* Pet. for Writ of Habeas Corpus ("Pet.") (Dkt. No. 1).)  In a Report and Recommendation ("R&R") dated March 4, 2022, Magistrate Judge Paul Davison recommended that the Habeas Petition be denied in its entirety.  (*See* R&R 1 (Dkt. No. 48).)  Petitioner filed Objections to the R&R on March 29, 2022, and May 5, 2022.  (*See* Pet'r's Obj's to R&R ("First Obj's") (Dkt. No. 50)); Pet'r's Obj's to R&R ("Second Obj's") (Dkt. No. 52).)  After reviewing the R&R and Petitioner's Objections, the Court issued an Opinion & Order on October 11, 2022, adopting the R&R and denying the Habeas Petition.  (*See* Opinion & Order ("Op. & Order") (Dkt. No. 58).)

On November 7, 2022, Petitioner filed a Letter, which the Court construed as a Motion for Reconsideration.  (*See* Letter from Edward Brims to Court (October 28, 2022) ("Reconsideration Letter") (Dkt. No. 61).)  On the same day, the Court received a letter from Petitioner requesting that the Court stay its decision on Petitioner's Motion for Reconsideration while he pursued a § 440.10 motion based on a case recently handed down by the New York Court of Appeals.  (*See* Letter from Edward Brims to Court ("Stay Letter") (October 24, 2022) (Dkt. No. 62).)  Petitioner's request for a stay was denied on December 14, 2022.  (*See* Mot. for Recons. Order (Dkt. No. 63).)[1]

On November 25, 2024, Petitioner filed the instant Motion.  Petitioner argues that the Court's judgment should be vacated as void on the grounds that (1) this Court lacked jurisdiction

---

[1] In the same Order, the Court directed Petitioner to "submit his Memorandum of Law in support of his Motion for Reconsideration no later than 20 days from the receipt of th[at] Order." (*Id.* at 4.)  Petitioner failed to do so.  (*See* Dkt.)

2

to hear this case because he had been granted full transactional immunity prohibiting prosecution for any crime connected to his "[second] Grand Jury testimony," and that (2) this Court committed procedural errors by failing to conduct an evidentiary hearing and improperly rejecting his motion for discovery, which amounted to Due Process violations. (*See* Mot. 2, 5.)

## II. Discussion

### A. Applicable Standards

Motions to vacate a judgment are properly brought under Rule 60(b) of the Federal Rules of Civil Procedure, which provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Specifically, Rule 60(b) provides six grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.* "Properly applied [,] Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Leeber Realty LLC v. Trustco Bank*, No. 17-CV-2934, 2019 WL 498253, at *3 (S.D.N.Y. Feb. 8, 2019) (alteration in original) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986), *aff'd*, 798 F. App'x 682 (2d Cir. 2019). "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Vasquez v. Fredericks*, No. 15-CV-9528, 2021 WL 1579489, at *1 (S.D.N.Y. Apr. 22, 2021) (quoting *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)). "Although [Rule 60(b)] should be broadly construed to do substantial justice, final judgments should not be lightly reopened." *S.E.C. v. Bronson,* 602

F. Supp. 3d 599, 610 (S.D.N.Y. 2022) (quoting *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016), *aff'd sub nom. United States S.E.C. v. Bronson*, No. 22-1045, 2022 WL 5237474 (2d Cir. Oct. 6, 2022). "The movant must adduce 'highly convincing material' in support of the motion." *Leeber Realty*, 2019 WL 498253, at *3 (quoting *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977)); *see also Empresa Cubana Del Tabaco v. General Cigar Co. Inc.*, 385 F. App'x. 29, 31 (2d Cir. 2010) (summary order) (noting that Rule 60(b) motions are "disfavored").

   B. Application

      1. Timeliness

Rule 60(b) motions "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). To determine whether a Rule 60(b) motion is timely, the Court must "must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay." *Bongiorno v. United States*, No. 22-MC-211, 2022 WL 17261979, at *2 (S.D.N.Y. Nov. 29, 2022) (quoting *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir.)), *cert. denied*, 464 U.S. 936, 104 (1983).

Petitioner filed the instant Motion on November 25, 2024, (*see* Mot.), which is approximately two years (25 months) after this Court issued its Opinion & Order denying Petitioner's Habeas Petition, (*see* Op. & Order 27). The Second Circuit is "exceedingly lenient in defining the term 'reasonable time,' with respect to voidness challenges," *Guthrie v. Rainbow Fencing Inc.*, 349 F.R.D. 55, 63 (E.D.N.Y. 2025) (quoting *S.E.C. v. Romeril*, 15 F.4th 166, 171 n.3 (2d Cir. 2021)), and has recognized a wide range of time spans in conducting the 60(b)(4) motion timeliness inquiry, *compare Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (finding a 26-month delay in filing Rule 60(b) motion "patently unreasonable"), *and Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (finding a Rule 60(b) motion untimely when filed

4

three and one-half years after judgment), *and Bronson*, 602 F. Supp. 3d at 610 (finding that courts in the Second Circuit have found delays as short as 18 months untimely), *with Cao v. Atami on 2nd Ave., Inc.*, No. 15-CV-5434, 2022 WL 17583776, at *3 (S.D.N.Y. Dec. 12, 2022) (recognizing that courts have defined "reasonable time" in the context of a 60(b)(4) motion leniently), *and Rodriguez v. United States*, No. 97-CV-2545, 2005 WL 887142, at *2 (S.D.N.Y. Apr. 15, 2005) (asserting that "any time is a 'reasonable' time to set aside a void judgment"), *and Garcia v. United States*, No. 97-CV-2962, 2009 WL 484435, at *2 (S.D.N.Y. Feb. 24, 2009) (finding a nine year delay to be timely).

Given the length of the delay here, the Court has serious questions about the timeliness of the instant Motion. Nevertheless, because Petitioner's Motion fails on the merits, as discussed below, the Court denies it on those grounds alone and does not address whether or not the Motion was timely filed.

2. Merits

Rule 60(b)(4) allows a court to vacate a judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Leeber Realty LLC v. Trustco Bank*, No. 17-CV-2934, 2019 WL 498253, at *8 (S.D.N.Y. Feb. 8, 2019) (quoting *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006)). The Supreme Court has stated:

> [A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. . . . The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule. A judgment is not void, for example, simply because it is or may have been erroneous . . . .

5

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citation and quotation marks omitted).

Petitioner first argues that this Court lacked jurisdiction to hear this case because he had been granted "full transactional immunity prohibiting prosecution for any crime[s] connected to [his Second] Grand Jury testimony." (*See* Not. of. Mot. 2.) Respondent argues that Petitioner was not granted immunity as he executed a written waiver of immunity and that this Court's jurisdiction is validly based on 28 U.S.C. § 2254. (*See* Opp'n to Mot. to Vacate J. ("Opp'n to Mot.") 3 (Dkt. No. 69).)

This Court rejects Petitioner's argument for three reasons. First, the Court had jurisdiction under 28 U.S.C. § 2254. "In order for a federal court to have jurisdiction over a habeas petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time the petition is filed." *Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) (quoting 28 U.S.C. § 2254(a)); *see Jenkins v. Capra*, 759 F. Supp. 3d 401, 421 (S.D.N.Y. 2024) ("A district court has subject matter jurisdiction to consider a state prisoner's petition for habeas relief 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States' at the time he files the petition." (quoting *Hurdle v. Sheehan*, No. 13-CV-6837, 2016 WL 4773130, at *2 (S.D.N.Y. Sept. 12, 2016))). Here, Petitioner is incarcerated pursuant to the judgment of the New York State Supreme Court, Rockland County. (*See* Op. & Order 1.) Second, the immunity question goes to the merits of the Habeas Petition, not the Court's jurisdiction to rule on it. *See Carroll v. Trump*, 88 F.4th 418, 425 (2d Cir. 2023) ("The Supreme Court recognized in *Nevada v. Hicks* that '[t]here is no authority whatever for the proposition that absolute- and qualified-immunity defenses pertain to the court's jurisdiction.'" (quoting *Nevada v. Hicks*, 533 U.S. 353, 373 (2001))); *cf. Bartolini v. Mongelli*, No. 17-CV-

6

6276, 2018 WL 6333827, at *10 (E.D.N.Y. Nov. 7, 2018) ("Judicial immunity, on the other hand, is waivable, and therefore a judicial immunity defense is not jurisdictional, but a disposition on the merits."), *report and recommendation adopted as modified*, No. 17-CV-06276, 2018 WL 6338771 (E.D.N.Y. Dec. 4, 2018). Third, even on the merits, Petitioner did not have immunity. Petitioner signed a written waiver of immunity prior to his first grand jury testimony. (*See* R&R 5.) Moreover, because Petitioner failed to respond to Respondent's Opposition, (*see generally* Dkt.), he has effectively conceded this argument, *Curry Mgmt. Corp. v. JPMorgan Chase Bank, N.A.*, 643 F. Supp. 3d 421, 426 (S.D.N.Y. 2022) ("A party may be deemed to concede an argument by failing to address it in an opposition brief." (citing *AT & T Corp. v. Syniverse Tech., Inc.*, No. 12-CV-1812, 2014 WL 4412392, at *7 (S.D.N.Y. Sept. 8, 2014))). Thus, the Court had jurisdiction.

Petitioner also argues that his judgment was premised on a violation of Due Process because of procedural errors by this Court failing to conduct an evidentiary hearing and improperly rejecting his motion for discovery. (*See* Mot. 5.) A Rule 60 motion is not "a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." *Postell v. Bradt*, No. 09-CV-4853, 2013 WL 6043916, at *1 (S.D.N.Y. Nov. 13, 2013) (citing *Parrish v. Sollecito,* 253 F. Supp. 2d 713, 715 (S.D.N.Y.2003)). Petitioner fails to explain how his Due Process claim avoids this rule. (*See generally* First Obj's; Second Obj's.)

Even on the merits, the Court complied with Due Process. The lack of an evidentiary hearing does not violate Due Process because no hearing was required. *See Shinn v. Ramirez*, 596 U.S. 366, 381 (2022) (finding that even if all of the § 2254(e) requirements that would allow a court to conduct evidentiary hearings are satisfied, "a federal habeas court still is not required

to hold a hearing or take any evidence") (italics omitted)); *see also Johnson v. Fogg*, 653 F.2d 750, 753 (2d Cir. 1981) (finding that habeas petitions submitted by pro se litigants are liberally construed, but that district courts are "not required to provide an evidentiary hearing . . . when their petitions do not raise issues sufficient to merit a hearing").

And the Court agrees with Respondents that denying Petitioner's discovery motion does not amount to a Due Process violation. (*See* Opp'n to Mot. 3–4.) Rulings on discovery disputes by a magistrate judge may be set aside "only if the district court determines the ruling to be 'clearly erroneous or contrary to law.'" *Mave Hotel Invs. LLC v. Certain Underwriters at Lloyd's*, No. 21-CV-8743, 2024 WL 5135691, at *2 (S.D.N.Y. Dec. 17, 2024) (quoting *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 92 F. Supp. 2d 508, 511 (S.D.N.Y. 2013) (citing 28 U.S.C. § 636(b)(1)(A)). While documents filed by pro se litigants are to be "liberally construed," *Sanderson v. Leg Apparel LLC*, No. 19-CV-8423, 2024 WL 498094, at *2 (S.D.N.Y 2024) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), "federal district courts have broad discretion in deciding discovery disputes," *Reynolds v. County of Onondaga*, No. 22-CV-1165, 2024 WL 4025866, at *3 (S.D.N.Y. Aug. 7, 2024) (citing *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999)). Because Petitioner's motion for discovery was properly dismissed by this Court, this dismissal does not amount to a Due Process violation as required by Rule 60(b)(4).

### III. Conclusion

For the reasons set forth above, Petitioner's Motion is denied.[2]

---

[2] Because Petitioner is proceeding in forma pauperis, (*see* Dkt. No. 4), his Motion to Waive Filing Fees is also denied as moot, (*see* Dkt. No. 66).
  The Court also denies Petitioner's Motion to Stay Decision on his 60(b) Motion. (*See* Dkt. No. 67.) Petitioner requests the stay because Respondent allegedly has failed to produce Petitioner's "[second] Grand Jury testimony" and because that failure "is largely due to a judicial

The Clerk of Court is respectfully direction to terminate the pending Motions, (Dkt. Nos. 65, 66, 67), and mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: September 15, 2025
White Plains, New York

KENNETH M. KARAS

United States District Judge

---

scandal." (*See id.* 1.) Petitioner does not explain what the "judicial scandal" is, how it allegedly caused Respondent to not produce the requested testimony, or why that testimony would be necessary for the resolution of Petitioner's instant Motion. (*See generally id.*) Accordingly, this Motion is denied. *See Lohnn v. Int'l Bus. Machs. Corp.*, No. 21-CV-6379, 2022 WL 36420, at *18–19 (S.D.N.Y. Jan. 4, 2022) (the district court utilizing its discretion to deny a stay request where "the [c]ourt c[ould] find no basis for a stay"); *cf. Pullman v. Collins*, No. 24-CV-1383, 2025 WL 1004731, at *2 (S.D.N.Y. Apr. 3, 2025) ("The party seeking the stay . . . must establish good cause for the stay." (citation omitted)).